MAX PREMACK V. STATE.

1. INSTRUCTING THAT THE CORPUS DELICTI OF A CRIME IS UNCONTROVERTED ERRONEOUS ON PLEA OF NOT GUILTY.

The *corpus delicti* is one of the material facts put in issue by a plea of not guilty. Hence, in a prosecution for receiving stolen property in which accused did not testify, instructing the jury that certain facts were not controverted, "that the goods, etc., were stolen at the time alleged from a freight car," assumes that the crime of larceny had been committed and invades the province of the jury.

2. EVIDENCE OF PRIOR OFFENSE TO SHOW GUILTY KNOWLEDGE.

In a prosecution for receiving stolen goods evidence of a like prior offense on the part of the accused is admissible as tending to prove guilty knowledge in the later transaction.

ERROR to Hamilton common pleas court.

**T. H. Darby, L. P. Pink** and **Eugene Adler,** for plaintiff in error.
**Froome Morris,** for defendant in error.

## SMITH, J.

The grounds of error relied upon by the plaintiff in error are— first, the court erred in admitting testimony of a prior larceny; and second, the court erred in its charge to the jury.

As to the first we do not think the testimony admitted by the trial court and objected to by plaintiff in error disclosed a prior larceny on the part of the defendant, but that it was properly admitted as tending to show guilty knowledge on the part of the plaintiff in error that the property, for receiving which he was charged, was stolen. Besides the record does not disclose an objection and proper exception to the substance of the testimony, but rather to the time of its introduction by the state.

Second. We think there was error in the charge of the court in stating to the jury that "certain facts were not disputed and not open to controversy," that is, "does not controvert nor open to controversy that the goods or some of them set forth in the indictment were stolen at the time alleged from a freight car belonging to the Cleveland, Chicago, Cincinnati & St. Louis Railway Company."

The plea of not guilty of the defendant put in issue all material

Premack v. State.

facts to be proven by the state, and one of the facts thus to be proven was the *corpus delicti.* The defendant did not take the stand in his own behalf, and he did not by his testimony or otherwise as shown by the record admit the claim of the state as to the body of the crime. This was an issue to be tried by the jury and not by the court. In substance the trial court told the jury that the crime of larceny had been committed, and the statement also would tend to fortify the evidence given by the accomplices in the case who testified on behalf of the state to the commission of the crime, where such evidence, as the court properly instructed the jury, was to be scrutinized with care. It is the province of the jury to determine whether or not a crime has been committed, and if it has, then the time and manner of it, as well as who are the perpetrators. *Morgan* v. *State,* 48 Ohio St. 371 [27 N. E. Rep. 710].

For the above error of the court the judgment will be reversed, and new trial granted.

**Swing** and **Giffen, JJ..** concur.